Anthony V. Rippa (Utah Bar No. 09594)
5095 Glendon Street
Murray UT 84123
Phone: (385) 775-8745
rippalaw@gmail.com

*Counsel for Defendant Samuel B. Parker*

---

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

351 S. W. Temple, Salt Lake City, Utah 84101

---

| | |
|---|---|
| ALEXIS WILKINS, | **DECLARATION OF SAMUEL PARKER** |
| Plaintiff | Case No. 2:25-CV-00987-RJS |
| v. | District Judge: Hon. Robert J. Shelby |
| SAMUEL B. PARKER, | Magistrate: Cecilia M. Romero |
| Defendant. | |

---

1. I, Samuel B. Parker, state the following under penalty of perjury.

2. I am above the age of majority and competent to make this declaration.

3. I know the facts declared herein to be true of my own personal knowledge and belief.

4. I do not reside, work, or transact business in Utah.

5. My vehicle is not registered in Utah.

6. I do not vote in Utah and have not voted in Utah since 2018.

7. I do not own property in Utah.

8. I do not have a bank account in Utah.

9. I do not receive health benefits in Utah.

10. I live, reside, and work in Washington.

11. I live with and care for my elderly parents, one of whom has Parkinson's disease.

12. My vehicle is registered in Washington.

13. I am registered to vote in Washington.

14. I bank in Washington.

15. I received health benefits (Washington State Medicaid) in Washington.

16. I have a license to sell health and life insurance in Washington.

17. I am in training to sell insurance in Washington.

18. I previously lived in Utah but moved to Washington in October 2021.

19. Since that time I have traveled to Utah twice for the purpose of visiting family, most recently in September 2024.

20. Plaintiff filed suit on October 31, 2025, while I was physically located in Washington, about four years after I moved from Utah to Washington.

21. I was not served with a copy of the complaint in Utah.

22. On February 4, 2026, I was served with a copy of the complaint at my home in Washington.

23. I have two X (formerly "Twitter") accounts called "@BasedSamParker" and "@SamParkerSenate."

24. As a social media influencer I exercised my constitutional right to free speech by using that platform to post comments ("tweets") regarding public figures and matters of public interest, and in so doing make my views and opinions known and engage with other users regarding public figures and matters of public interest.

25. My tweets were public and accessible by anyone regardless of their location.

26. In September 2023 I enrolled in X's "ad monetization program" for the purpose of creating additional income from tweeting, and to support my tweeting, while recovering from a long illness.

27. At no time did I intentionally target or solicit residents of Utah or any other specific state. Solicitations of funds were made to the public at large.

28. I did not specifically solicit anyone in Utah for money and to the best of my knowledge and belief I did not receive any money from anyone in Utah.

29. According to the Complaint, the tweets that are the subject matter of the suit began on February 23, 2025, while I was living in Washington.

30. The tweets that are the subject matter of this suit were not posted from Utah, or directed at anyone in Utah.

31. My tweets voiced my opinions about public and political figures such as Alexis Wilkins, Kash Patel, Benjamin Netanyahu, and others, who are located in Washington D.C., Virginia, Israel, and other places, and about matters of public interest e.g. the Epstein files, TPUSA, PragerU, The Daily Wire, Islam, Zionism, US/Israel relations, Christianity, and American heritage.

32. To appear for proceedings in this case I would have to travel several hundred miles from my home in Washington, through Oregon and Idaho, to Utah. This would pose a significant financial and emotional burden to me, and to my parents, because I am lacking in sufficient funds to comfortably pay for transport, accommodation, and food in Utah, and I am currently caring for my elderly and ailing parents, one of whom has Parkinson's disease.

33. 1declare under penalty of perjury of the laws of the United States of America that the

foregoing is true and correct.[1]

EXECUTED on this 16th day of April 2026.

/s/ *Samuel B. Parker*
Samuel B. Parker

*Signed with permission of, and e-signature authorized via email by, Samuel B. Parker on April 16, 2026.*

---

[1] "That statute [28 USC § 1746] authorizes parties to submit unsworn declarations in lieu of affidavits provided that the declarations state that they are 'true and correct' and are made 'under the penalty of perjury.'" *Vazirqbqdi v. Denver Health and Hospital Authority*, 782 Fed. Appx. 681, 687 (l0th Cir. 2019).